IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.  )
NORMAN L. WOOLFOLK #823537,        )
                                    )
                Petitioner,         )
                                    )
     v.                             )    No. 09 C 3026
                                    )
I.D.H.S.,                           )
                                    )
                Respondent.         )

MEMORANDUM ORDER

Norman Woolfolk ("Woolfolk") has just submitted what purports to be a 28 U.S.C. §2254[1] Petition for Writ of Habeas Corpus ("Petition"), prepared on the form supplied by the Clerk's Office for use by persons in state custody. Woolfolk has filled in the form with handwritten responses, the most relevant of which ("Part III - Petitioner's Claims") has been made Ex. 1 to this memorandum opinion and order. For the reasons explained here, both the Petition and this action are dismissed sua sponte.

This dismissal is ordered on substantive grounds--see Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules")--and not on what appear to be potentially curable defects in Woolfolk's filing. Those latter items will only be mentioned here:

   1.  Woolfolk has failed to accompany the Petition with either the required but modest $5 filing fee or an In Forma

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

Pauperis Application. It would obviously cost more than that to pursue the matter, so the fee will simply be waived.

2. Even though the Petition form calls for the <u>person</u> having custody of the petitioner to be named as respondent, Woolfolk has listed "I.D.H.S." in the caption of the Petition.

3. Finally, Woolfolk has not complied with the requirement that copies of the Petition must be provided for service on the respondent and for this Court's chambers file--he has tendered only the original Petition. Because the Petition does not survive in any event, that requirement will also be waived.

On then to the substance of the matter. Woolfolk acknowledges that early in 2006 he pleaded guilty to sexual assault against a minor and was sentenced to a term of 4 years and 6 months (Petition ¶¶2-5). No appeal (Petition Pt. I) or post-conviction state court petition (Petition Pt. II) was undertaken because of his acknowledged guilt (Petition Pt. I ¶4(B) and Pt. II ¶¶1.H(b) and 1.I(b)). Nor has Woolfolk filed any state court petition seeking habeas corpus, coram nobis or other relief (Petition Pt. II ¶2).[2]

---

[2] Petition Pt. II ¶4 says without further explanation that legal proceedings are pending "for me not being able to smoke." There is no suggestion that poses any federal constitutional violation.

2

That leaves only the opaque statement of "Petitioner's Claims" attached to this opinion. But that statement is totally deficient as a predicate for federal habeas relief because Woolfolk has not shown (or even suggested)(1) that he "has exhausted the remedies available in the courts of the State" (Section 2254(b)(1)(A)) or (2) that he qualifies to proceed under Section 2254(b)(1)(B). Moreover, Woolfolk's statement is independently insufficient because he has not indicated any basis for an assertion "that he is custody in violation of the Constitution or laws or treaties of the United States" (Section 2254(a)--and see also Section 2254(b)(2)).

Accordingly "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court" (Section 2254 Rule 4). That being the case, the same Rule 4 requires dismissal of the Petition (and hence of this action), and this Court so orders.

                                          */s/ Milton I. Shadur*
                                          Milton I. Shadur
                                          Senior United States District Judge

Date: May 22, 2009

## PART III – PETITIONER'S CLAIMS

1. State briefly every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A) Ground one _____
Supporting facts (tell your story briefly without citing cases or law):

I was given a out date. also school was mandotory at big Muddy. ~~If I missed I would receive a out date, my out date was first feb 28, 2007 but with one tick/ from missing school~~ Being told I had to go to sex offender counseling. going to court after being sentance. I was in pre start. I was given parole, ~~sent~~

(B) Ground two _____
Supporting facts: _____

EXHIBIT 1

5

Revised: 7/20/05